IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC ROBY | ) | CASE NO. |
| 17691 Stocking Road | ) | |
| Madison, Ohio, 44057 | ) | JUDGE: |
| | ) | |
| On behalf of himself and all others | ) | |
| similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FAIR LABOR** |
| THE LINCOLN ELECTRIC COMPANY | ) | **STANDARDS ACT** |
| 22801 St. Clair Avenue | ) | |
| Euclid, Ohio 44117 | ) | **Jury Demand Endorsed Herein** |
| | ) | |
| **Please serve also:** | ) | |
| Frederick G. Stueber, Statutory Agent | ) | |
| 22801 St. Clair Avenue | ) | |
| Euclid, Ohio 44117 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Eric Roby ("Roby") brings this action against Defendant The Lincoln Electric Company ("Lincoln Electric"), seeking all available relief under the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Roby's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based upon information and belief, or personal knowledge as to Roby's own conduct and the conduct and acts of others.

## PARTIES AND VENUE

1. Roby is an adult individual resident of the city of Madison, county of Lake, state of Ohio. Roby consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[1]

---

[1] Roby's executed Consent to Sue form is attached hereto as Exhibit A.



2. Lincoln Electric is an Ohio corporation which maintains a place of business located at 22801 St. Clair Avenue, Euclid, Ohio 44117.

3. During all times material to this Complaint, Lincoln Electric was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

4. Lincoln Electric is, and at all times hereinafter mentioned was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of no less than $500,000.

5. During all times material to this Complaint, Plaintiff and the putative class members, as defined herein, were "employees" of Lincoln Electric within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

6. The putative FLSA class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 29 of the Complaint.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff and the putative class members are alleging Federal Law Claims under the FLSA, 29 U.S.C. § 216(b).

The Employee's Attorney.™



8. This Court has personal jurisdiction over Lincoln Electric because it is an Ohio corporation, maintains one or more facilities in Ohio, and it conducts business and employs employees in Ohio.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Lincoln Electric is and always has been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Lincoln Electric has received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Lincoln Electric was registered to conduct business in the State of Ohio, and conducted substantial business in the State of Ohio.

## FACTS

### (Plaintiff Eric Roby)

10. Roby is a current employee of Lincoln Electric.

11. Roby is employed by Lincoln Electric as an Operator.

12. Roby began his employment with Lincoln Electric on or about February 13, 1998.

13. Roby is paid a piece rate for all time recorded by Lincoln as compensable work time.

14. At all times material to this Complaint, Roby regularly worked in excess of 40 hours in a given week.

15. At all times material to this Complaint, Roby regularly worked in excess of 38.35 hours in a given week.

16. While Roby was paid overtime at the rate of time-and-one-half for all time *recorded* by Lincoln Electric as time worked over 40 hours in a given week, as a result of the unlawful pay practices common to the putative class described below, Roby was not paid overtime at the rate of time-and-one-half for *all* overtime worked.

The Employee's Attorney.™



## **GENERAL ALLEGATIONS**

17. At all times referenced herein, Roby and others similarly situated were non-exempt from the minimum wage and overtime protections of the FLSA.

18. At all times material to this Complaint, Lincoln Electric maintained an unlawful time keeping system which would automatically deduct 19 minutes and 49 seconds each day from Roby and those similarly situated for a "lunch break," regardless of whether Roby or those similarly situated took a lunch break or not.

19. At all times material to this Complaint, Roby and those similarly situated worked through their "lunch break" with Lincoln Electric's knowledge, such that the time was spent predominantly for the benefit of Lincoln Electric.

20. The "lunch break" Lincoln Electric automatically deducted from the hours Roby and those similarly situated worked was not a bona fide lunch break because it was less than 30 minutes long. *See* 29 C.F.R §785.19.

21. As a result of Lincoln Electric's unlawful pay practices, Roby and those similarly situated were unlawfully denied all overtime worked during weeks they worked overtime.

22. Roby and those similarly situated were underpaid overtime for each week they worked at least 38.35 hours in a single work-week.

23. Roby and those similarly situated were underpaid 1.65 hours of overtime for each week in which they worked 40 or more hours in a given week.

24. As a result of Lincoln Electric's unlawful pay policies, it miscalculated the regular rate of pay for Roby and those similarly situated, resulting in the further underpayment of overtime.

25. At all times referenced herein, Lincoln Electric knew that it was required to pay Roby and those similarly situated for all time worked.

The Employee's Attorney.™



26. At all times referenced herein, Lincoln Electric knew that it was required to pay Roby and those similarly situated overtime at a rate of time and one half the regular rate of pay for all hours worked in excess of 40 per week.

27. Despite its knowledge of its obligations to pay employees the proper wage for all hours worked, to include overtime, Lincoln Electric willfully and recklessly refused to pay Roby and those similarly situated properly.

28. Lincoln Electric lacks a good faith or reasonable justification for failing to pay Roby and those similarly situated properly for all hours worked, to include all overtime worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Roby restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

30. Roby bring this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals who are part of the following class:

> All individuals employed by Lincoln Electric who, at any time in the three years preceding this action, were paid a piece rate and whom worked at least 38.35 hours or more in any given week and were subjected to an automatic deduction from their daily hours for a lunch break or meal break, resulting in the underpayment of overtime.

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

31. Collective Action treatment of Roby's FLSA claims is appropriate because Roby and the FLSA Class have been subjected to the common business practices referenced in paragraphs 16 through 27 herein, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Lincoln Electric's companywide practices failed to properly compensate the FLSA Class Members for all overtime worked.

The Employee's Attorney.™



32. Roby seeks to recover all wages owed to herself and the FLSA Class Members for unpaid regular and overtime hours worked, liquidated damages to the fullest extent allowable under the FLSA, all available equitable relief, including attorneys' fees and associated litigation costs.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION

33. Roby restates each and every prior paragraph of this Complaint, as if it were fully stated herein.

34. During all times material to this Complaint, Roby and the FLSA Class Members were employees who were not exempt from overtime compensation under the FLSA because, *inter alia*, they were not "executive," "administrative," "professional," or "retail sales" employees as defined under the FLSA, and were entitled to one-and-one-half times their respective regular rates for hours worked in excess of forty (40) hours per workweek.

35. During all times material to this Complaint, Lincoln Electric violated the FLSA with respect to Roby and the FLSA Class Members by, *inter alia*, failing to compensate them for all overtime worked in a workweek, where all time worked includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business and where the employer knew or should have known that the employee was spending the time at issue primarily for the employer's benefit.

36. During all times material to this complaint, Lincoln Electric knew that Roby and the FLSA Class Members were not exempt from the overtime obligations imposed by the FLSA. Lincoln Electric also knew that it was required to pay Roby and the FLSA Class Members overtime compensation at a rate of one-and-one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Lincoln Electric willfully

The Employee's Attorney.™



withheld and failed to pay the FLSA Class Members for all time overtime worked, to which Roby and the FLSA Class Members were entitled.

37. In violating the FLSA, Lincoln Electric acted willfully, without a good faith basis, and in reckless disregard of clearly applicable FLSA provisions.

38. As a direct and proximate cause of Lincoln Electric's conduct, pursuant to 29 U.S.C. § 216(b), Lincoln Electric is liable to Roby and those similarly situated for the full amount of all unpaid wages and required overtime obligations, an additional equal amount as liquidated damages, as well as costs and reasonable attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Eric Roby requests judgment against Defendant and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Lincoln Electric who, at any time in the three years preceding this action, were paid a piece rate and whom worked at least 38.35 hours or more in any given week and were subjected to an automatic deduction from their daily hours for a lunch break or meal break, resulting in the underpayment of overtime.

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

(c) Awarding to Plaintiff and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

(d) Awarding Plaintiff and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

The Employee's Attorney.™



(e) Awarding Plaintiff and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting Lincoln Electric Insurance Company, Inc., from engaging in future violations of the FLSA; and

(g) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Eric Roby*

## JURY DEMAND

Plaintiff Eric Roby demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™

