IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC ROBY, | ) CASE NO. 1: 18 CV 006 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| THE LINCOLN ELECTRIC COMPANY, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| Defendant. | ) |

This matter is before the Court on the Named Plaintiff's Motion for Conditional Certification of a collective action. (ECF #27). Defendant opposes the motion. (ECF #31). Plaintiff filed a Reply brief, and Defendant filed a Sur-Reply in defense of its opposition to the request. (ECF #52, 57). For the reasons that follow, Plaintiff's Motion is GRANTED.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Named Plaintiff, Eric Roby, brought this action on behalf of himself and "all others similarly situated," claiming that Defendant, The Lincoln Electric Company ("Lincoln") had a policy and/or practice in place at its Mentor and Euclid Ohio plants, that violated the Fair Labor

Standards Act. This practice or policy was to automatically, and allegedly unlawfully, deduct 19.8 minutes from each pieceworker's eight hour shift as an unpaid break, resulting in instances of unpaid overtime. The currently pending motion seeks to conditionally certify this action as a collective action for purposes of notices and discovery, and seeks approval of a proposed notice to be sent to all putative plaintiffs.

## II. DISCUSSION

### A. Standard of Review

The Fair Labor Standards Act ("FLSA") seeks to provide "specific minimum protections to individual workers" and to ensure that each covered worker receives a "fair day's pay for a fair day's work. *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The Act allows one or more employees to bring an enforcement action on their own behalf and as a representative for other similarly situated employees. 29 U.S.C. §216(b). Many courts within and without the Sixth Circuit have adopted a two-stage process for determining whether an FLSA action should proceed as a collective action. *See, e.g., Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). In this process, the Court determines based on the complaint and some modest factual allegations, whether there is a colorable basis for their claim that the putative class is "similarly situated" with regard to plausibly alleged claims. If so, the Court generally permits opt-in notification and additional discovery. The parties agree that this standard is "fairly lenient" and typically results is conditional certification of the class for purposes of notification. At this stage, the existence of significant individualized issues does not preclude conditional certification. *See, White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006). However, following the conclusion of full discovery, the court applies a

stricter standard for proving that the parties should be treated as a class.

This approach has been slightly modified, in cases like the one at hand, when the parties have had the opportunity to begin discovery prior to the determination of conditional class certification. *Creely v. HCR ManorCore, Inc.*, 789 F.Supp.2d 819 (2011). In such cases courts have required Plaintiffs to make a factual showing that lies between the lenient first-stage standard for conditional certification, and the more stringent post-discovery review for final certification. In any case, the statutory standard for bringing a collective action under the FLSA is that the opt-in plaintiffs must be "similarly situated," and it should not generally rely on any assessment of the merits of the case. *Id.* at 826. This does not mean they must be identical, but the plaintiff has the burden of showing that the putative class is similarly situated with regard to the claims asserted. *Id.* at 823. The plaintiff bears the burden of demonstrating the existence of a common policy or practice that affects all the collective members. *Harrison v. McDonald's Corp.*, 411 F.Supp. 2d 862, 868 (S.D. Ohio 2005).

## B. Analysis

The Complaint alleges that all piece workers at two plants were subject to automatic deduction of 19.8 minutes from each eight hour work period for an unpaid "lunch break," whether they actually took such a break, whether any such break was uninterrupted, and whether any such break could be considered a "bona fide" meal break if it had been taken. The Complaint does not allege that workers were not allowed to take this break, but does allege that they often chose not to, and the policy requiring them to stop work during this period of time was not enforced. The Complaint does not allege that those who worked through their breaks did so every day, and does not allege that all workers worked through this break.

Allegations of the existence of an automatic deduction, even when supported by unrefuted evidence, are generally not sufficient to justify conditional certification. *Creely* at 833 (citing Wage and Hour Division, U.S. Dep't of Labor, Fact Sheet No. 53, The Health Care Industry and Hours Worked (2009) available at http://www.dol.gov/whd/regs/compliance/whdfs53.pdf). However, most cases have held that when the auto-deducted break is provided as a meal break, and such a policy is not properly enforced or implemented, conditional certification is justified. *See, e.g., Creely*, 789 F.Supp. 2d; *Ribby v. Liberty Health Care Corp.*, 2013 U.S. Dist. LEXIS 86835 (N.D. Ohio 2013); *Berger v. Cleveland Clinic Found.*, 2007 WL 2902907, *22 (N.D. Ohio 2007); *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 2885230 (E.D. Ky July 22, 2008); *Garcia v. Sar Food of Ohio, Inc.*, 2015 WL 4080060 (N.D. Ohio July 6, 2015).

The Plaintiff in this case has provided some evidence to support his allegation that Lincoln deducted 19.8 minutes from each eight hour shift for an unpaid meal break, and did not properly implement or enforce the break policy to ensure that worker's were paid if the break did not qualify as a bona fide meal break, or if they otherwise failed to take the break as the policy required. Defendant's defense of the break policy and protestations that they are not liable for employee violations of the that policy are considerations on the merits, to be determined at a later time, and are not relevant to the Court's determination on the issue of conditional certification. *See, e.g., Creely*, 789 F.Supp. 2d; *Ribby v. Liberty Health Care Corp.*, 2013 U.S. Dist. LEXIS 86835 (N.D. Ohio 2013). Further, the individualized reasons behind each worker's alleged failure to take the breaks, the logistical ability to eat during the breaks, and the timing of the breaks, does not come into play at this point in the litigation. The appropriateness of full class treatment is not to be fully decided until after discovery is complete.

Defendants do not dispute that all of the piece workers included in the purported class description were subject to an automatically deducted twenty (19.8) minute unpaid lunch break. They do not dispute that the burden of submitting payment requests for skipped breaks, whatever the cause, was on the employees. They also do not dispute that foremen, managers, or supervisors did not enforce the requirement that these breaks be taken, uninterrupted, or that they did not take action to ensure payment when they knew breaks had not been used. These largely undisputed allegations, backed by some evidence presented by Plaintiffs, are sufficient to establish that the purported class members are "similarly situated" in that the allegedly improper policies applied to each worker, even if there may be individualized differences in how each worker was affected by the imposition of the policies.

## C. Notification

The parties agree that a ninety day notification period is appropriate. They have submitted competing drafts of the notice to be provided. Based upon the proposals, agreements, and arguments of the parties the Court hereby finds that the notice proposed by the Defendant shall be adopted with the following changes:

(1) The notice shall be addressed to piece rate employees at the Lincoln Electric Company, and shall not, at this time, limit its application to employees in the Cored Wire Department at the Mentor, Ohio location;

(2) The notice shall be addressed to workers who were employed at these locations between January 2, 2015 and the present;

(3) The notice shall not include any reference to potential costs that may be assessed to opt-in plaintiffs; and,

(4) The notice shall not indicate that Lincoln Electric has relied on "guidance from the United States Department of Labor" and shall not include the final sentence in paragraph three of Section 2 in Defendant's proposed notice, which states "Defendant points to its policies strictly forbidding off-the-clock work and providing multiple ways to report hours that have been worked."

The notice shall be sent by mail and email to the last known addresses of each potential class member. If Defendant does not have an email address for a particular putative class member, then they may indicate this when producing contact information and no further effort will be required on their part.

### III. CONCLUSION

For the reasons stated above, the Court finds that the Plaintiff has met his burden of showing that conditional class certification is warranted in this case. The Plaintiff's Motions for Conditional Class Certification is, therefore, GRANTED. IT IS SO ORDERED.

/s/ Donald R. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 27, 2018