IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC ROBY, | ) | CASE NO. 1:18 CV 0006 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| THE LINCOLN ELECTRIC COMPANY, | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION</u> |

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF # 32) and Plaintiff's Motion for Partial Summary Judgment (ECF #60). Each party filed an Opposition to the other's motion, and each filed a Reply in support of their own. (ECF # 66, 67, 69, 72). For the reasons set forth below, both Motions for Summary Judgment are DENIED.

**<u>Facts</u>**[1]

This is an action for allegedly unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. The parties agree that during the relevant time

---

[1] Except as otherwise cited, the factual summary is based on the parties' statements of fact. Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to Plaintiff, the non-moving party.

period, Lincoln Electric Company ("Lincoln") deducted 19.8 minutes from each pieceworker's daily reported hours worked. Lincoln claims that the deduction accounted for a twenty minute unpaid meal break that was permissible under the FLSA. The Plaintiff argues that the workers were, at best, allowed a twenty minute or less unscheduled "rest period" which should be compensated under the FLSA. Both parties have submitted some evidence in support of their position. For purposes of this motion, Lincoln has not disputed that if the challenged deduction does not qualify as a bona fide meal break under the FLSA, some workers may have been denied overtime payments that were due to them under the law.

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the

light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). If the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). Evidence may be presented by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). In lieu of presenting evidence, Fed. R. Civ. P. 56(c) also allows that a party may show that the opposing party's evidence does "not establish the presence of a genuine dispute" or that the adverse party "cannot produce admissible evidence to support the fact."

According to Fed. R. Civ. P. 56(e),

[i]f a party fails to properly support an assertion of fact, or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

## **Analysis**

I. Counts One and Two: Non-Payment of Overtime

Under section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1) an employer is required to pay employees time and a half for all hours worked in excess of forty (40) per week. Plaintiffs allege that, because Defendant improperly deducted 19.8 minutes from the daily hours of each piece rate employee, those employees were sometimes not compensated for hours they worked in excess of forty (40) per week in violation of federal law.

Lincoln claims that the 19.8 minutes was a bona fide meal period, which, according to 29 C.F.R. §785.18-.19, is non-compensable and need not be calculated when determining an employees entitlement to overtime compensation. A bona-fide meal period is defined as a break

during which the employee is "completely relieved of duty for the purposes of eating regular meals." 29 C.F.R. §785.19. The regulation also states that "[o]rdinarily 30 minutes or more is long enough for a bona fide meal period" but "[a] shorter period may be long enough under special conditions." *Id.* In a case challenging the validity of an unpaid break, the employee bears the burden of showing that the break is not a bona fide meal break. *Myracle v. General Electric Co.*, 333 F.3d 55, 1994 WL 456769, at *4 (6th Cir. 1994). To determine whether a meal break is compensable, the Sixth Circuit looks at whether the break allows an employee to pursue his or her mealtime adequately and comfortably, whether the employee is engaged in the performance of substantial duties during the break, and whether the time is spent predominately for the employer or the employee's benefit. *Hill v. United States*, 751 F.2d 810, 814 (6th Cir. 1985).

Each party has submitted sufficient evidence upon which a jury could find in its favor on the issue of whether the deducted time was a bona fide meal period, exempt from compensation under the FLSA. Lincoln has provided evidence of written policies requiring employees to take a twenty minute meal break, and prohibiting them from working during this time. They have also cited testimony indicating that at least some piece rate employees did use these breaks to eat a meal, away from their machines. Mr. Roby, has also provided evidence, however, that the written break policies were neither generally followed nor enforced. He also testified that piece rate employees often did not take a twenty minute meal break, that they sometimes ate at their machines so they could continue working during meals, and that management was aware of this practice. Because both sides have presented evidence supporting their positions, there remains a question of material fact, and this Court is precluded from finding in favor of either party on this

issue at this stage of the litigation.

## Conclusion

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF #32), and Plaintiff's Motion for Partial Summary Judgment (ECF #60), are both DENIED. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 26, 2019