IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC ROBY, | ) | CASE NO. 1: 18 CV 006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THE LINCOLN ELECTRIC COMPANY, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

This matter is before the Court on the motion of Defendant Lincoln Electric Company ("Lincoln") for Summary Judgment on Plaintiff Eric Roby's Fair Labor Standards Act ("FLSA") Claim. (ECF #131). The motion is now fully briefed and ready for decision. For the reasons that follow, Defendant's Motion for Summary Judgment is denied.

## I. <u>PROCEDURAL AND FACTUAL BACKGROUND</u>[1]

The Named Plaintiff, Eric Roby, filed this action on January 2, 2018, on behalf of himself and "all others similarly situated," asserting one count: "Violation of the Fair Labor Standards Act–Failure to Pay Overtime Compensation based on Defendant, The Lincoln Electric Company's ("Lincoln") imposition of a 20 minute meal period auto-deduction for piece rate

---

[1] Except as otherwise cited, the factual summary is based on the parties' briefing and supporting evidentiary materials.

workers in certain departments at its Mentor and Euclid Ohio plants. With respect to Mr. Roby, the 20 minute meal period auto-deduction ended in December 2017. (Roby Dep., ECF #131 Ex. A.) Mr. Roby received his final pay with that auto-deduction on December 20, 2017. (Pushey Decl. ¶ 3, ECF #131 Ex B). There have been no further meal deductions for piece workers taken from Mr. Roby's pay since that time. *Id.*

The Court conditionally certified the class on December 28, 2018. Following certification, 315 Plaintiffs opted in from a potential class of 1,255. All of the opt-in Plaintiffs signed and filed a "Consent to Sue Under the FLSA." Mr. Roby did not attach his written consent to the Complaint,[2] nor did he sign and file the consent form that was signed and filed by all of the opt-in Plaintiffs. On February 24, 2021, the Court granted Lincoln's Motion to Decertify the Conditionally Certified Collective Action and dismissed the claims of all opt-in Plaintiffs without prejudice. The only remaining plaintiff is Mr. Roby.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a

---

2

The Complaint, signed by Plaintiff's counsel, states in a footnote to paragraph 1 that "Roby's executed Consent to Sue form is attached as Exhibit A, however no Exhibit A was filed with the Court.

genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-

mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). Evidence may be presented by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). In lieu of presenting evidence, Fed. R. Civ. P. 56(c) also allows that a party may show that the opposing party's evidence does "not establish the presence of a genuine dispute" or that the adverse party "cannot produce admissible evidence to support the fact."

According to Fed. R. Civ. P. 56(e),

[i]f a party fails to properly support an assertion of fact, or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. DISCUSSION

Defendant asserts that it is entitled to summary judgment because Mr. Roby did not file

his written consent as required under Section 216(b) of the FLSA and the statute of limitations does not stop running until a written consent is filed. As such, Defendant argues that Mr. Roby's claim is now time barred.

Section 216(b) provides in relevant part:

> An action to recover the liability prescribed [in this section] may be maintained against any employer ... in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216 (b) (emphasis supplied.) The statute of limitations for an FLSA claim is two years, or if the violation is "willful," the limitations period is three years:

> (a) if the cause of action accrues on or after May 14, 1947–[it] may be commenced within two years after the cause of action accrued, **and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a 'willful' violation may be commenced within three years after the cause of action accrued.**

29 U.S.C. § 255 (a) (emphasis supplied.)

Under Section 256, an action brought under the FLSA commences:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear–on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. Thus, based upon the operation of Sections 255 and 256, the statute of

limitations for a 216(b) collective action does not stop running until a plaintiff, even the lead plaintiff, opts into the suit by filing a written consent with the Court. Because Mr. Roby never filed his written consent, the statute of limitations never stopped running. His last paycheck in which the 20 minute auto-deduction was taken was December 20, 2017–more than three years ago. Moreover, Mr. Roby testified that apart from the meal deduction, he was paid overtime whenever he worked more than 40 hours per week, thus, he has no basis for any unpaid overtime claim apart from the 20 minute meal auto-deduction. Thus, Lincoln argues that Mr. Roby's claim is time barred.

Plaintiff counters that while a named plaintiff in an FLSA action must file a written consent, the FLSA does not specify the form of written consent. *Frye v. Baptist Mem. Hosp., Inc*, 495 Fed. Appx. 669, 676 (6th Cir. 2012). In *Frye*, the Sixth Circuit analyzed sections 216(b), 255 and 256 of the FLSA and concluded that the statutory language requires what it says: "a named plaintiff in a collective action [must] file a written consent to join the collective action." *Id*. at 675. While the plaintiff in *Frye* offered alternate conduct to constitute his written consent obligation, including hiring counsel to file a collective action on his behalf, filing a complaint as class representative and appearing for deposition, the Sixth Circuit rejected the offerings noting that "even allowing latitude of form, the requirement remains *a filed written consent.*"*Id*. (Emphasis in original) The Court found that the filing of an unsigned deposition transcript or the filing of a collective complaint signed by his attorney did not satisfy FLSA's written-consent requirement, nor did the filing of his retainer agreement with counsel since the filing was made after the expiration of the FLSA's two and three year statutes of limitations. *Id.*

Here, Mr. Roby asserts that his declaration attached to his Motion for Conditional

Certification, filed on June 22, 2018 satisfies the written consent requirement of § 256. (See ECF #27-2) Other courts have found that declarations made under oath submitted with a motion for conditional certification satisfies the written consent requirement. *See Arocho v. Crystal Clear Bldg. Services, Inc.*, 2015 WL 1400549 at *2 (N.D. Ohio March 26, 2015) (Declaration stating "I consent to bring this action on behalf of myself and all other similarly situated employees..." satisfied § 256 requirement). Lincoln argues that unlike *Arocho*, the Declaration filed by Mr. Roby does not contain the statement "I consent to bring this action on behalf of myself and all other similarly situated employees." Plaintiff points to the case caption of his Declaration which has his name in all capital letters followed by " On behalf of himself and all others similarly situated." Plaintiff also notes that Mr. Roby signed the declaration under oath and described not only his own experience with Defendant's failure to pay him all wages due, but also his knowledge regarding Lincoln's failure to pay other piece rate employees. Plaintiff argues that this Declaration manifests Mr. Roby's consent to pursue this matter as a collective action and satisfies the requirement of § 256.

Many courts have determined that signed declarations or affidavits indicating that the signee is willing to serve as a party plaintiff in a collective action are sufficient to satisfy § 256. *See Pineda v. Skinner Servs., Inc.*, 2020 WL 5575160, at *15 (D. Mass. Sept. 28, 2020)(Plaintiff's declaration filed with motion for conditional certification titled "CONSENT TO JOIN COLLECTIVE ACTION" and including language "I hereby consent to become a plaintiff and to be bound by judgment by the court or any settlement or resolution of this lawsuit."); *Mayhew v. Loved Ones In Home Care*, LLC, 2018 WL 6816073 at *2 (S.D. W. Va. December 27, 2018)(lead plaintiff's signed affidavit attached to motion for conditional certification in

which she asserts that she is the plaintiff in the action and identifies the compensation practices alleged in the complaint to violate the FSLA which she asserts have negatively affected her and other employees is sufficient to satisfy § 256.); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F.Supp.2d 261, 282 (E.D. NY 2013) (signed declaration of lead plaintiff submitted in connection with his motion to compel responses to interrogatories satisfied written consent requirement where affidavit stated that he was the named plaintiff in this action and the caption of the declaration states that the plaintiff is bringing the action on behalf of himself and other employees similarly situated.); *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 52 (W.D. N.Y. 2009)("Courts have generally not taken a strict approach with regard to the *form* of the written consent, at least with respect to named Plaintiffs." In *Mendez*, the lead plaintiff filed an affirmation with his motion for class certification and for court approval to proceed as a collective action which stated "I am the Named Plaintiff in the above captioned matter" and the caption named Mendez as plaintiff on behalf of himself and all other employees similarly situated.); *Contrera v. Langer*, 290 F.Supp.3d 269, 277-279 (S.D.N.Y. 2018)(declaration with same averments as in *Mendez* satisfies § 256 consent requirement.)

While these cases all confirm that the form of the written consent is not strictly prescribed, Defendant counters that the declarations or affidavits in those cases contained words to the effect that " I am the plaintiff in the captioned case" along with some other indication that they consented to participation in a collective action. Although the Sixth Circuit has not weighed in on the exact form a consent should take, it seems clear from *Frye* that the consent must be written and signed by the plaintiff and manifest the plaintiff's intent to participate in the

collective action.³ The "purpose of the consent requirement, presumably, is to put the [d]efendants on notice' and 'to ensure that each plaintiff intends to participate in the case, and is not simply a procedural figurehead for an enterprising class action lawyer." *Mendez, supra*, 988 F.Supp.2d at 281 *quoting D'Antuono v. C & G of Groton, Inc.*, 2012 WL 1188197, at *2 (D. Conn. Apr. 19, 2012). *See also, Faust v. Comcast Cable Communications Management, LLC*, 2013 WL 5587291 at *5 (D. Md Oct. 9, 2013)("The Court declines to read the consent requirement of Sections 216 and 256 so strictly as to require that a plaintiff explicitly state 'I consent' or 'I am the named Plaintiff' in order to join a collective action under the FLSA. Rather, a signed declaration that 'manifests a clear intent to be a party plaintiff' is sufficient to operate as consent.")

While Mr. Roby's Declaration does not state that he is the plaintiff in the captioned matter, it does contain the caption of the case which shows Roby as the named plaintiff on behalf of himself and all others similarly situated. The Declaration echos the of violations of the FLSA asserted in the Complaint and states that both he and other employees have been negatively affected by the improper policy. The Declaration was submitted with Plaintiff's Motion for Conditional Certification which leads to the conclusion that Mr. Roby was aware that he was participating in a collective action. Mr. Roby's Declaration demonstrates his consent to be a party plaintiff in this action thus satisfying the statutory requirement. Further, the Declaration comports

---

³ While the Supreme Court has not specifically considered this question, it stated in a footnote that "[e]ven if this requirement [to file a written consent] were to apply to petitioner's suit, ... it was satisfied when petitioners individually signed at least two sets of interrogatories." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 736 n.11 (1981).

with the purpose of the statute in that it put the Defendant on notice and ensured that Mr. Roby intended to act as a plaintiff in a collective action. *See Contrera, supra*, 290 F.Supp.3d at 278. Since Mr. Roby's Declaration was filed within the two and/or three year statutes of limitation, Mr. Roby's claim is not time barred.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF #131) is denied.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 14, 2021