IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC ROBY,<br><br>                Plaintiff,<br><br>v.<br><br>THE LINCOLN ELECTRIC COMPANY,<br><br>                Defendant. | Case No. 1:18-CV-00006-DCN<br><br>JUDGE DONALD C. NUGENT<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |

      The Parties, defendant The Lincoln Electric Company, and plaintiff Eric Roby, respectfully move this Court to review the Parties' Joint Stipulation of Settlement and Release (the "Settlement") and for an Order approving the Settlement as fair and reasonable. In support of this motion, the Parties state:

      1.      Plaintiff Eric Roby commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

      2.      Plaintiff alleged that defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") by failing to pay plaintiff and other similarly-situated employees for all hours worked, including work during meal or break periods.

      3.      Defendant answered the Complaint and denied any liability or wrongdoing of any kind.

      4.      The Parties exchanged documents and information related to plaintiff's claims including the amount of time that plaintiff spent allegedly working through meals and break periods, as well as conducted the depositions of plaintiff and his supervisors.

      5.      The Parties agree that a bona fide dispute exists between them.

      6.      In an effort to reach a compromise and to avoid the expense and burden of

litigation, the Parties have reached a settlement of all plaintiff's wage and hour claims, the terms of which are embodied in the Parties' Settlement that is attached as Exhibit 1.

7. The Settlement covers only the wage and hour claims of plaintiff Eric Roby, including all plaintiff's claims alleged in the case. It does not release any claims of, or provide compensation to, any former or putative collective class members.

8. If approved, the Settlement would resolve the entire case as there is no certified class or collective action and there are no opt-in plaintiffs other than plaintiff Roby.

9. Plaintiff's Counsel Christopher Wido, Esq. of The Spitz Firm, LLC, believe that the proposed Settlement is in the best interests of plaintiff.

10. The proposed Settlement is contingent upon the Court's review and approval of it and issuance of an Order approving the Settlement as fair, adequate and reasonable.

11. The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice. Except as otherwise provided in the Settlement, the parties agree to bear their own attorneys' fees and costs. The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

Respectfully submitted,

| | |
|---|---|
| */s Chris P. Wido* | */s/ Jeffrey R. Vlasek* |
| Chris P. Wido (0090441) | Gregory V. Mersol (0030838) |
| The Spitz Law Firm, LLC | Jeffrey R. Vlasek (0082771) |
| The WaterTower Plaza | Carrie Valdez (0094004) |
| 25200 Chagrin Blvd, Suite 200 | BAKER & HOSTETLER LLP |
| Beachwood, OH 44122 | Key Tower |
| Telephone: (216) 291-4744 | 127 Public Square, Suite 2000 |
| Facsimile: (216) 291-5744 | Cleveland, OH 44114-1214 |
| Chris.wido@spitzlawfirm.com | Telephone: (216) 621-0200 |
| | Facsimile: (216) 696-0740 |
| *Counsel for Plaintiff* | gmersol@bakerlaw.com |

jvlasek@bakerlaw.com
cvaldez@bakerlaw.com

*Attorneys for Defendant*