**SETTLEMENT AND RELEASE**

This Settlement and Release Agreement ("Release") is being agreed to as of August 14, 2021, by Eric Roby ("Roby").

1. <u>Release of Claims</u>.  In exchange for the payment of $2,000.00 as described in paragraph 2 below, and subject to Court approval as described below, Roby does hereby forever release and discharge The Lincoln Electric Company, including all of its predecessors, successors, parent and subsidiary corporations, affiliates, related entities, agents, assigns, directors, officers, employees, representatives, insurers and reinsurers, whether past or present, and each of them (hereinafter collectively referred to as "Lincoln Electric" or the "Released Parties") from any and all claims for unpaid wages, unpaid overtime compensation, or liquidated damages or punitive damages pursuant to the Fair Labor Standards Act ("FLSA") and/or Ohio Minimum Wage Fair Wage Standards Act (including for attorneys' fees, interest, and costs), whether known or unknown, up to the date of this Release which Roby or his heirs, family members, or personal representatives may now have or may now or hereafter assert against the Released Parties. This Release includes but is not limited to all claims relating to the alleged work during meal or break periods, and all claims asserted by Roby in the Complaint filed in the case of <u>Roby v. The Lincoln Electric Company</u>, before the United States District Court for the Northern District of Ohio, Case No. 1:18-CV-00006-DCN (the "Litigation").

2. <u>Monetary Payment</u>. Within thirty (30) days following the date of approval of the United States District Court for the Northern District of Ohio (the "Effective Date"), the gross sum of $2,000.00, to be delivered to The Spitz Law Firm, LLC, at 25200 Chagrin Boulevard, Suite 200, Beachwood, Ohio 44122, and allocated as follows:

1. $1,000.00, less all applicable legal withholdings, in settlement of any claims for lost wages or bonuses Roby may have against Lincoln Electric;

2. $1,000.00, for which Roby shall receive a Form 1099 with box 3 checked, in settlement of any claims for alleged tort and/or liquidated damages he may have against Lincoln Electric;

Roby understands that such payments and benefits will not be considered compensation for purposes of any employee benefit plan, bonus, bonus plan, program, policy, or arrangement maintained or hereafter established by Lincoln Electric or any of the Released Parties.

In addition to the sum detailed above, within thirty (30) days of the Effective Date, Lincoln Electric will also pay a total of $4,500.00 attributable as $1,366.02 in costs and $3,133.98 in attorneys' fees to The Spitz Firm, LLC for which the firm shall receive a Form 1099 with box 14 checked.

3. <u>Covenant</u>. Roby hereby covenants not to sue (or be a party to any other actions or participate as a member in any class actions against) the Released Parties with respect to any matters described in paragraph 1, above.

4. <u>No Admission</u>. Roby understands and agrees that the payment of the consideration set forth in paragraphs 1 and 2 and the entry into this Release do not constitute an admission by any party of any of the allegations in the Complaint or of any wrongdoing at all. Lincoln Electric expressly denies Roby's allegations and has agreed to this Release and the Joint Stipulation of Settlement and Release solely to avoid the burden of protracted litigation.

5. Court approval. Within 14 days after the parties have executed this Agreement, they will seek approval from the Court in the Litigation. Court approval is a condition precedent

2

to any payment or release described in this Agreement. If the Court does not approve this Agreement, none of its provisions shall be effective.

6. Dismissal of Action. Within 30 days after the Court has approved this Agreement in the Litigation, Roby shall dismiss the Litigation with prejudice, at his or its own costs. This paragraph 6 does not invalidate the reimburse of costs to Roby's counsel as described in paragraph 2, above.

7. Binding Effect. This Release shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, personal representatives, successors and assigns.

8. Entire Agreement. This Release constitutes the complete understanding between the Parties and supersedes any and all prior or contemporaneous agreements, promises or inducements, no matter its or their form, concerning its subject matter. No promises or agreements made subsequent to the execution of this Release by these Parties shall be binding unless reduced to writing and signed by the Parties.

9. Ohio Law. This Release and the rights and obligations of each of the Parties hereunder shall be governed by, construed and interpreted in accordance with the laws of the State of Ohio.

10. Counterparts. The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Roby or counsel for Lincoln Electric shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

IN WITNESS WHEREOF, Roby, intending to be legally bound, has executed this Release on the date listed below.

to any payment or release described in this Agreement. If the Court does not approve this Agreement, none of its provisions shall be effective.

SIGNED: _____Eric Roby_____ DATED: __8-14-21__

6. Dismissal of Action. Within 30 days after the Court has approved this Agreement in the Litigation, Roby shall dismiss the Litigation with prejudice, at his or its own costs. This

SIGNED: _____ DATED: _____
The Lincoln Electric Company

paragraph 6 does not invalidate the reimbursement of costs to Roby's counsel as described in paragraph 2. above.

7. Binding Effect. This Release shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, personal representatives, successors and assigns.

8. Entire Agreement. This Release constitutes the complete understanding between the Parties and supersedes any and all prior or contemporaneous agreements, promises or inducements, no matter its or their form, concerning its subject matter. No promises or agreements made subsequent to the execution of this Release by these Parties shall be binding unless reduced to writing and signed by the Parties.

9. Ohio Law. This Release and the rights and obligations of each of the Parties hereunder shall be governed by, construed and interpreted in accordance with the law of the State of Ohio.

10. Counterparts. The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Roby or counsel for Lincoln Electric shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

IN WITNESS WHEREOF, Roby, intending to be legally bound, has executed this Release on the date listed below:

4

IN WITNESS WHEREOF, Roby, intending to be legally bound, has executed this Release on the date listed below.

SIGNED: _____  DATED: _____
     Eric Roby

SIGNED: _____  DATED: 8/5/2021
     The Lincoln Electric Company

4